ANDREW PACIFICO, PETITIONER-PROSECUTOR, v.
CARPENTER STEEL CO., RESPONDENT.

Submitted January 15, 1946—Decided March 29, 1946.

Before Justices BODINE and PERSKIE.

For the prosecutor, *Laurence Semel*.

For the respondent, *James J. Carroll*.

The opinion of the court was delivered by

PERSKIE, J.   We are primarily concerned, in this workmen's compensation case, with the adequacy *vel non* of the award made on the employee's claim petition for compensation.   And we are also concerned with the propriety of the apportionment of medical fees, the allowance and apportionment of legal fees, and the validity of the answer filed by the respondent to the claim petition.

Prosecutor, employed by the respondent, unquestionably suffered an accident which arose out of and in the course of his employment.   As a result of that accident, he suffered, stripped of all medical terminology, "pain and limitation of motion and weakness of his left shoulder."

In the Bureau it was found that prosecutor had lost ten days' work after the accident.   For this loss he was awarded compensation for temporary disability to the extent of 3/7th

of a week, at his stipulated maximum compensation rate of $20 a week, or $8.58. Prosecutor was further allowed compensation to the extent of 2½% of total and permanent disability at the same maximum compensation rate of $20 a week, for twelve weeks, or $250.

The Deputy Commissioner further allowed $20 to each of the two physicians who examined the prosecutor and who testified in his behalf, one-half of each sum was ordered to be paid by the prosecutor and the other one-half by the respondent. The Deputy Commissioner further allowed $40 to prosecutor's counsel for his services, $30 of which was ordered to be paid by the respondent and $10 by the prosecutor.

On appeal by prosecutor, to the Essex County Court of Common Pleas, Judge Flannagan approved and adopted the findings in the Bureau. *Pacifico* v. *Carpenter Steel Co.,* 23 *N. J. Mis. R.* 309; 44 *Atl. Rep.* (*2d*) 79. Prosecutor was allowed a writ of *certiorari.*

The result of our independent determination of the facts and law (*Cf. Owens* v. *Bennett Air Service,* 133 *N. J. L.* 540, 541; 45 *Atl. Rep.* (*2d*) 320), are as follows:

Prosecutor suffered a compensable accident. That is not disputed. Nor is there any dispute as to the award for temporary disability.

There is a sharp dispute as to the award for partial permanent disability. Two physicians testified for the prosecutor. One fixed the extent of this disability at 10% of total, the other at 7½%. The one physician who testified for the respondent fixed the extent of this disability at 2½% of total.

We do not lightly disturb, on appeal, a result reached by the two lower tribunals when, as here, there is ample support in the testimony for the result reached. *Cf. Swift & Co.* v. *Von Volkum,* 131 *N. J. L.* 83, 86; 34 *Atl. Rep.* (*2d*) 897; *affirmed,* 132 *N. J. L.* 344; 40 *Atl. Rep.* (*2d*) 572; *Martin* v. *Hasbrouck Heights Building Loan and Savings Association,* 132 *N. J. L.* 569, 570; 41 *Atl. Rep.* (*2d*) 898.

The fact finding body is not bound to arrive at the exact figure of damages as estimated by either expert or lay witnesses. All that the fact finding body is bound to do is to arrive at a percentage that it determines to be just, under

all the proofs and circumstances of the case. *Cf. Harrison* v. *Garlilti,* 120 *N. J. L.* 64, 67; 197 *Atl. Rep.* 377. We find as a fact that the award made was just.

We find no merit in the asserted impropriety either as to the amount of the fee allowed to each of prosecutor's physicians and to his attorney, or as to the manner in which their payment was apportioned as between the employer and the employee. *Cf. R. S.* 34:15–26; *R. S.* 34:15–64. No abuse of discretion is made to appear.

We find no need to pass upon the further asserted impropriety in the denial, by the Deputy Commissioner, of prosecutor's motion to dismiss the respondent's answer because as urged it was either filed out of time or was otherwise insufficient. Without being understood as approving the loose practice followed relating to the answer, the case was fully tried in the Bureau and reviewed in the Pleas, on the merits.

The writ is dismissed, without costs.