GENERAL CHEMICAL DIVISION, ALLIED CHEMICAL & DYE CORP., Employer-Appellant, v. JOSEPH FASANO, Claimant-Appellee.

(*January* 26, 1953.)

HERRMANN, J., sitting.

*William H. Bennethum* (of Morford, Bennethum and Marvel) for Employer-Appellant.

*John J. DeLuca* and *Joseph A. Julian, Jr.,* for Claimant-Appellee.

Superior Court for New Castle County, No. 86, Civil Action, 1952.

HERRMANN, J.:

The Industrial Accident Board awarded compensation to the appellee on the ground that he has an occupational disease arising out of and in the course of his employment.[1] In support of its award, the Board made the following findings of fact, *inter alia*:

"That as a result of frequent exposure to acid and gas fumes, and possible toxic and irritant organic dusts, Joseph Fasano does suffer from Emphysema.

"That the Emphysema arose out of and in the course of his employment with the General Chemical Division, of the Allied Chemical & Dye Corporation."

---

[1] 47 *Del. Laws*, Chapter 270 provides:

"Compensable occupational diseases shall include all occupational diseases arising out of and in the course of employment only when the exposure stated in connection therewith has occurred during the employment and the disability has commenced within five months after the termination of such exposure."

The employer appeals on the ground that there was no competent evidence before the Board to support the foregoing findings of fact.

The type of emphysema involved in this case is hyperventilation and overdistention of the air cells of the lungs and bronchial tubes. The disease is an uncommon one and a specialist is usually required for diagnosis and treatment. The possible causes of the disease are manifold, one being as ordinary as the deterioration of age. I am convinced that the disability here involved is of such nature that a causal connection between the disease and an occupation can be established only by expert opinion evidence. The burden of proving such causal connection, i. e., that the disease arose "out of and in the course of employment", rests upon the employee.

The employee in this case failed to introduce any competent medical testimony whatsoever. He offered in evidence letters from two physicians, who have treated him for several years, and written reports of physical examinations by two consultants to whom he was referred by his physician. He stated that he was financially unable to bring his physicians and the examining doctors from Pennsylvania to appear as witnesses before the Board sitting in Wilmington. The employer objected to the admission of the letters and reports but they were admitted in evidence over objection and are a part of the record before this court. The letters and reports were the only medical evidence offered by the employee in support of his claim.

The letters and reports did not, of course, constitute competent evidence. While the nature of the proceedings and the spirit of the Compensation Law justify some relaxation of the technical rules of evidence, nevertheless, it is fundamental that the right to confront witnesses, to cross-examine them, to refute them, and to have a record of their testimony must be accorded unless waived. Compare *Lord v. Delaware Liquor Commission*, 1 *Terry* 436, 13 *A.* 2d 436, 438. The admission of incompetent evidence will not invalidate an award of compen-

sation if there is other competent evidence to support it, but an award of the Industrial Accident Board may not be based wholly upon incompetent evidence. See *Children's Bureau of Delaware v. Nissen,* 3 *Terry* 209, 29 *A.* 2d 603; *LeTourneau v. Consolidated Fisheries Co.,* 4 *Terry* 540, 51 *A.* 2d 862; *Philadelphia Dairy Products Co., Inc., v. Farran,* 5 *Terry* 437, 61 *A.* 2d 400; *Collins & Ryan v. Hudson,* 6 *Terry* 438, 75 *A.* 2d 261.

▮▮ I find no competent evidence to support the Board's finding that the emphysema suffered by the employee arose out of and in the course of his employment. The absence of competent medical testimony in the case presented by the employee was not cured by any testimony of the doctor who testified on behalf of the employer. This witness stated unequivocally that it was his opinion that the employee's condition did not arise out of and in the course of his employment and was not an occupational disease. None of his testimony, when fairly considered, aids the employee's claim of a disease caused by employment. In support of its ultimate finding of fact, the Board points to certain testimony of the doctor who testified on behalf of the employer. Upon questioning by members of the Board, he testified in part as follows:

"Q. What was that report? A. Actually my words are: 'Diagnosis: Segmental Bullous Emphysema.'

"Q. Then I would like to ask you a question. If these gases could have been irritant enough to the alveoli of the lung to cause a breaking down and to help to have produced this emphysema that he now has according to your diagnosis—is that possible? A. Do I have to answer that question yes or no or can I answer it in my own way?

"Q. You can answer it, as far as I am concerned, in your own way. A. The way I feel about it is this, that there had to be inherently something wrong to start this vicious cycle, and—

"Q. What do you mean: I hate to interrupt you, but do you mean that basically there was something wrong with

him? A. (In Part) Now you start with something inherently wrong I think in this case and if you ask me did the fumes aggravate him, I would have to say I don't know, but I think they could. Anything there that would cause paroxysms or coughing in a lung like this I think would."

\*　　\*　　\*　　\*　　\*　　\*

"Q. Didn't you testify earlier in talking about getting a big load of this, that a fellow could be knocked out? A. Absolutely I said that. That is true. But I said when they came out of it usually they were all right and they would go in the industry and keep on working."

■ The above testimony does not support the Board's findings. It may have supported a finding that the employee suffered aggravation of pre-existing emphysema[2]. The award here, however, is for an occupational disease "arising out of and in the course of employment" and testimony regarding the possible aggravation of a pre-existing condition does not support a finding that the disease originated in the employment.

■■ The employee contends that the necessity of competent evidence to support his claim is lessened by the fact that one of the members of the Industrial Accident Board is a doctor of medicine and that any deficiency in proof may be considered to be remedied by the knowledge, training and experience of that member of the Board. This contention is without merit. The Statute does not require that one of the members of the Board be a doctor. The fact that the present Board happens to include a doctor does not relieve an employee from the burden of proving his claim by competent evidence. As a general rule, an award of compensation may not be based upon questionable facts ascertained by, or within the knowledge of, members of the Board and which are not put in evidence and exposed to scrutiny and refutaton. 58 *Am. Jur.* p. 871.

---

[2]Whether workmen's compensation may be awarded for aggravation of a pre-existing disease is an open question in this State.

At the conclusion of the hearing before the Board, the employee requested examination and report by an impartial doctor who would be available as a witness. The Board did not find it necessary to rule on that application because its award was in favor of the employee. I think that the employee should now have the opportunity of adducing competent medical testimony, if he can, to support his claim.

One of the employee's physicians resides in Marcus Hook, Pennsylvania, a distance of 9 miles from Wilmington and his other physician resides in Chester, Pennsylvania, a distance of 14 miles from Wilmington. The two other doctors, consulted by the employee, reside in Philadelphia, Pennsylvania, a distance of 27 miles from Wilmington. Under all of the circumstances, it would seem that the employee should be able to induce one or more of his doctors to appear and testify before the Board.

If the employee's doctors cannot be persuaded to appear before the Board for examination, this court will enter an Order which will make possible the procurement of their testimony by deposition upon oral examination or written interrogatories in the manner provided by Rules 26, 30 and 31 of this Court. Such Order is authorized, I think, by Section 17 of the Delaware Workmen's Compensation Law, *Rev. Code* 1935, § 6087, which provides:

"* * * The Superior Court of the State of Delaware shall, in accordance with the provisions of Article 4, Section 24 of the Constitution of the State of Delaware, and in accordance with such rules as said Court is hereby authorized to make, provide for the obtaining of evidence outside of the State of Delaware, to be used in hearings before the Board; provided, however, that subject to the approval of the Board, the parties in interest in any particular cause may agree upon different methods of taking such evidence. * * *"

This case will be remanded for rehearing for the purpose of affording to the employee the opportunity to present competent medical testimony in support of his claim.