ALICE L. VAUGHN, PETITIONER-RESPONDENT, v. STATE OF NEW JERSEY, (DIVISION OF MOTOR VEHICLES). RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 17, 1977—Decided June 30, 1977.

252

Before Judges HALPERN, ALLCORN and BOTTER.

*William F. Hyland,* Attorney General, attorney for appellant (*Stephen Skillman,* Assistant Attorney General, of counsel; *Joseph V. Wallace,* Deputy Attorney General, on the brief).

*John J. Barry,* attorney for the respondent.

The opinion of the court was delivered by

ALLCORN, J. A. D. At the hearing of this workers' compensation case before the Division, after the close of the presentation of the petitioner's case, counsel for the respondent informed the judge that he would call as his first witness his medical expert, Dr. Sanford Lewis. The judge thereupon inquired of counsel for petitioner whether he wished to cross-examine Dr. Lewis. He responded that he would waive cross-examination. At this juncture the judge ruled that, under the new rules of procedure governing proceedings in the Division, the petitioner having waived cross-examination of Dr. Lewis, respondent was foreclosed from presenting Dr. Lewis' testimony orally at the hearing and could only place in evidence the written report or reports of Dr. Lewis.

 The specific rule relied on by the compensation judge was *N. J. A. C.* 12:235–5.6(a), 10, which provides as follows:

(a) A trial on multiple issues shall be heard in open court in the following order:

* * * * * * * *

10. Respondent's medical testimony where cross-examination of respondent's medical witness has been requested by the petitioner or his attorney; if no request for cross-examination of respondent's doctor has been made by the petitioner, said medical report as submitted to the respondent by its medical witness shall be submitted into evidence with cross-examination on the part of petitioner having been waived.

There is a parallel rule containing precisely the same language relating to the petitioner's medical testimony where respondent does or does not waive cross-examination. *N. J. A. C.* 12:235–5.62(a) 9.

The compensation judge thus construed the provisions of the rule in question as barring respondent from presenting his medical witness in person and having him testify orally. In our view, implicit in the rule in the context in which it appears is the requirement that the respondent first consent to and waive the presentation of the oral testimony of his medical witness, in order for the questioned portion of the rule to be operative. For otherwise the questioned portion would offend "fundamental fairness and administrative due process." *Cunningham v. Civil Service Dept.,* 69 *N. J.* 13, 26 (1975). Under the interpretation of the rule by the compensation judge, the petitioner controls the presentation of respondent's medical evidence by making the admissibility of oral testimony dependent upon petitioner's exercise or non-exercise of his right to cross-examination.

 The Division exercises a truly adjudicatory function in the determination of disputes between and among private litigants in a significant area of our law and society, very often involving substantial sums of money. Fundamental fairness in such circumstances demands that all parties have the right to present oral testimony in critical areas such as

the medical issues, involving either or both causation and quantum of disability. *Juzek v. Hackensack Water Co.,* 48 *N. J.* 302, 314 (1966). Compare *N. J. S. A.* 52:14B–10, but not applicable to the Division of Workers' Compensation, *N. J. S. A.* 52:14B–2(a).

In light of the foregoing it is unnecessary to pass on the second issue raised by appellant, namely, causality.

Accordingly, the judgment is reversed and the cause is remanded to the Workers' Compensation Division for the taking of oral testimony of Dr. Lewis and a redetermination of facts and conclusions of law on the basis of the existing record, the testimony of Dr. Lewis, and such other evidence as the judge of compensation deems proper and acceptable in his discretion. No costs. We do not retain jurisdiction.

Petitioner's application for counsel fee and costs is denied, without prejudice, pending final disposition of the cause.