LOUIS INDELICATO, PETITIONER-RESPONDENT, v. TOWN OF WEST NEW YORK, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 3, 1979—Decided October 12, 1979.

Before Judges FRITZ, KOLE and LANE.

*Messrs. Carpenter, Bennett & Morrissey*, attorneys for appellant (*Mr. Arthur M. Lizza* and *Ms. Virginia D. Fenton* of counsel; *Ms. Linda B. Celauro* on the brief).

*Mr. Aaron Gordon*, attorney for respondent.

PER CURIAM.

Respondent appeals from a judgment for increased permanent disability on the ground that the judge of compensation erred in ruling that it waived cross-examination of the petitioner's medical witnesses by failing to request cross-examination in the pretrial memorandum. We reverse.

In 1973 petitioner was awarded workers' compensation as the result of a 1971 accident. In 1975 he filed an application for modification of a formal award on the ground that his condition had worsened. In the pretrial memorandum dated June 25, 1976 petitioner set forth that the medical witnesses upon whom he would rely were Drs. Willner, Siegel and Lieb. The first hearing on the petition was held January 30, 1978. At that time it became clear that petitioner was seeking compensation under the odd lot doctrine which had not been referred to in the pretrial memorandum. It was apparent at the time of the second hearing, July 18, 1978, that respondent had not received current medical reports from petitioner. Petitioner's attorney was directed to supply copies of the medical reports to respondent's attorney. Petitioner's attorney stated that he was going to offer "every report in evidence." The judge said that if respondent did not agree, petitioner would have to produce the doctors.

By letter dated July 20, 1978 the judge of compensation advised the attorneys:

> You will recall that I ordered each of you to exchange copies of all medical records so that there will be complete disclosure even though, the trial has commenced. I believe the spirit of our rules require this in this case. Please photostat what you have and send on to your worthy opponent.
>
> I have learned from my colleagues that the Appellate Division ruled in an unreported case that unless cross-examination is requested prior to trial, the reports of experts will go into evidence in accordance with the Rules. I will try to obtain it. If the above is correct then the medical aspect of the case will have to be done on reports.
>
> Since the matter will not be listed until late September at the earliest, you will have enough time to comply with the above.

At the continued hearing on October 10, 1978 petitioner's medical reports were offered in evidence. They were admitted over the objection of respondent. The judge ruled that since cross-examination had not been requested in the pretrial memorandum nor before the first trial date, it had been waived.

*N.J.A.C.* 12:235–4.16 details the required contents of the pretrial memorandum, none of which relates to requests for cross-examination. *N.J.A.C.* 12:235–5.55 dictates the pretrial conference procedure:

> A pretrial conference shall be held amongst counsel for petitioner and respondent and any hearing official for the purpose of stipulating facts which will have the effect of becoming a stipulation on the record; a listing of the legal, medical and factual issues to be tried; the witnesses to be used at the time of trial; the medical condition of the petitioner; and all liens filed; and rulings on amendments to pleadings or other applications of counsel. The pretrial conference will result in the execution of a pretrial memorandum as stated in *N.J.A.C.* 12:235–4.16.

*N.J.A.C.* 12:235–5.56 expressly requires that medical reports "be submitted no later than the pretrial conference," on penalty of precluding the admission of the reports at trial. There is no similar rule barring cross-examination not requested at pretrial.

*N.J.A.C.* 12:235–5.62 deals with the order of trial of multiple issues. Subparagraph (a)(9) provides that following nonmedical expert testimony of the respondent there shall be heard in open court:

> Petitioner's medical testimony where cross-examination of petitioner's doctor has been requested by respondent. If no request for cross-examination of a petitioner's doctor has been made by the respondent, then said doctor's report as submitted to petitioner or his attorney shall be entered into evidence with cross-examination having been waived by the respondent; . . . . .

Subparagraph (a)(10) deals with a respondent's medical testimony in a similar manner.

The effect of the regulation is that medical issues are submitted on the basis of doctors' reports only, unless the opposing

party requests cross-examination of any doctor, in which case he will have to be summoned to trial for his live testimony. The rule is silent as to the timing of such a request. No administrative regulation governing workers' compensation proceedings addresses when cross-examination must be requested.

We know of no published opinion that construes *N.J.A.C.* 12:235–5.62(a)(9) to require that a request for cross-examination be made in the pleadings or at the time of the pretrial conference. It was error for the judge of compensation to rely upon a hearsay account of an unpublished opinion, the contents of which was not known to him nor to the parties.

■ We have no doubt that an administrative regulation providing that cross-examination is presumed waived unless it is requested at some designated time prior to trial would be valid, if reasonable. Such regulation could provide a presumption of waiver where request for cross-examination was not made at a reasonable time after receipt of the medical reports and prior to trial. That is not the effect of *N.J.A.C.* 12:235–5.62(a)(9) and (10). The ultimate decision in any particular case as to waiver of cross-examination must be made by the judge hearing that case, having due regard for any designated time fixed in a regulation.

■ There is no evidence that respondent in this action waived its right of cross-examination of petitioner's medical witnesses. The judgment of the Division of Workers' Compensation is vacated and the matter remanded for the presentation of the parties' medical witnesses subject to cross-examination. We do not retain jurisdiction. No costs.