213 N.J. Super. 90 (1986)
516 A.2d 623
FREDY PACO, PETITIONER-RESPONDENT,
v.
AMERICAN LEATHER MFG. CO., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1986.
Decided October 3, 1986.
*91 Before Judges PETRELLA, GAYNOR and SCALERA.
Patrick J. McCauley, argued the cause for appellant (Connell, Foley and Geiser, attorneys, George J. Kenny, of counsel, Patricia A. Murphy, on the brief).
No brief was filed on behalf of the respondent.
The opinion of the court was delivered by SCALERA, J.A.D.
The employer appeals from an award of $690 in favor of petitioner based on a finding that petitioner had suffered a permanent disability of 6% of the left hand in a work related accident. We reverse because we believe that the employer was unduly deprived of certain fundamental procedural and substantive rights during the contested formal proceedings conducted below.
On January 9, 1981 Fredy Paco was accidentally injured while assisting in the operation of a leather softening machine. At the time he was employed by the American Leather Mfg. Co. (American). Shortly after the accident, Paco was taken to see the company doctor, Harold Fischer. Dr. Fischer took x-rays, prescribed medication and administered a whirlpool to Paco which continued for about two or three more weeks. During this time Paco missed work for some two weeks and two days.
*92 A formal hearing was requested which commenced on October 21, 1985. After Paco testified, the compensation judge noted that this case involved the type of injury that is normally handled as an "informal" pursuant to the Rules of the Division of Workers' Compensation. He therefore ordered counsel to submit into evidence the medical reports of the doctors who had examined Paco and concluded that he would decide the issue on the basis of Paco's testimony and the medical reports. American's trial attorney strenuously objected to this, arguing that it may wish to produce witnesses from Paco's current job to describe the dexterity with which he performs his work. He asserted that this evidence was directly related to the contested issue of permanency of the alleged disability. He also argued that American had reserved its right to cross-examine Paco's medical witnesses and expressed his intention to produce live medical testimony. Despite the objection, the judge proceeded to determine the matter on the basis of the petitioner's testimony and the medical reports, concluding that he had sufficient objective medical evidence pursuant to N.J.S.A. 34:15-36 to substantiate the award. Accordingly, he granted an award to Paco in the amount of $690.
After American filed its notice of appeal the compensation judge supplemented his oral decision by letter in which he noted that,
[t]his case underscores a conflict between the principle that the Workers' Compensation Act, as remedial legislation must be construed liberally in favor of injured workers' and the rights of a party in a worker's compensation case to confront and cross-examine an expert witness, as expressed by the Appellate Division in Vaughan [Vaughn] v. State of New Jersey, 151 N.J. Super. 251 (App.Div. 1977).
The judge reasoned that in workers' compensation cases in which the petitioner's award will be small, it would contravene the spirit and purpose of the Workers' Compensation Act to require the petitioner to bring in a medical witness who would probably charge between $500 and $750 to testify. He further reasoned that the "employment of such a procedure comports with the trend in the law of evidence toward a relaxation of the *93 hearsay rule in civil cases having a relatively small dollar value viz EVID.RULE 2(2) (as amended July 1, 1983)." Hence, he expounded his position that American's right to present and cross-examine witnesses was outweighed by practical considerations of time and money.
American raises several issues on this appeal,

 Point I The findings of the judge of compensation
 are not based upon sufficient credible
 evidence on the record.
 Point II Petitioner's injury does not constitute a
 permanent disability pursuant to N.J.S.A.
 34:15-36.
 Point III The trial judge committed reversible error
 in directing the admission of petitioners
 medical expert report without affording
 respondent the opportunity to cross examine
 the doctor.
 Point IV The trial judge erred in refusing to permit
 the oral testimony of the treating
 physician.
 Point V The trial court erred in the allowance of
 interpretors' [sic] fees against
 respondent.

Because we have determined that a remand is required we find it unnecessary to discuss those issues raised in Point I and II. In Points III and IV American contends that the compensation judge's refusal to permit the presentation and cross-examination of live witnesses violated its rights to basic due process in a contested proceeding.
N.J.S.A. 34:15-56 clearly states that:
[at] [a workmen's compensation] hearing evidence, exclusive of ex parte affidavits, may be produced by both parties, but the official conducting the hearing shall not be bound by the rules of evidence.
This statute, however, has not been construed to infringe upon the substantive rights of either party. Andricsak v. National Fireproofing Corp., 3 N.J. 466, 471 (1950); Accord General Chemical Division v. Fasano, 47 Del. 546, 547, 94 A.2d 600, 601 (Super.Ct. 1953). Hence, a party's fundamental right to due process which includes the right to present and cross examine a witness, must be respected.
In Indelicato v. Town of West New York, 170 N.J. Super. 563 (App.Div. 1979) the court addressed the issue of whether the respondent in a workers' compensation hearing waived its right to cross-examine the petitioner's medical expert by failing to *94 request cross-examination in a pretrial memorandum. The compensation judge had admitted the reports over the objection of respondent ruling that respondent had waived its right to cross-examine by failing to request it prior to trial. In reversing the compensation judge's decision we relied on then N.J.A.C. 12:235-5.62(a)(9) (repealed in May 1986) which provided:
Petitioner's medical testimony where cross-examination of petitioner's doctor has been requested by respondent. If no request for cross-examination of a petitioner's doctor has been made by the respondent, then said doctor's report as submitted to petitioner or his attorney shall be entered into evidence with cross examination having been waived by the respondent; ...
We construed this provision to mean that the only time medical issues may be submitted on the basis of medical reports alone, is when the opposing party completely fails to request cross examination of any doctor. However, if the party does request cross-examination, the doctor will have to be summoned to trial for his live testimony. Indelicato, 170 N.J. Super. at 565-66. We further noted that the rule was silent as to when the request must be made and thus concluded that since cross examination had been requested at trial respondent had not waived this right. Id. at 566.
In General Chemical Division, supra, the "Industrial Accident Board" awarded compensation to the appellee (employee) on the ground that "he [had] an occupational disease arising out of and in the course of his employment." 47 Del. at 547, 94 A.2d at 601. At the hearing on this matter, the employee offered into evidence letters from two physicians who had treated him for several years along with the medical reports from two consulting physicians. The employee contended that he was financially incapable of bringing the physicians in to testify. Over the objection of the employer, the letters and reports were admitted into evidence and ultimately represented the only medical evidence upon which the award was based. On appeal, the Superior Court of Delaware held that the compensation judge's decision was not based on any competent evidence whatsoever,

*95 While the nature of the proceedings and the compensation law justify some relaxation of the technical rules of evidence, nevertheless, it is fundamental that the right to confront witnesses, to cross examine them, to refute them and to have a record of their testimony must be accorded unless waived. The admission of incompetent evidence will not invalidate an award of compensation if there is other competent evidence to support it, but an award of the Industrial Accident Board may not be based wholly upon incompetent evidence.
Id., 94 A.2d at 601 (citations omitted). Cf. Hert v. J.J. Newberry Co., 178 Mont. 355, 584 P.2d 656 (1978) reh. den. 179 Mont. 160, 587 P.2d 11 (1978) (holding that such medical reports are inadmissible hearsay).
In Vaughn v. State of New Jersey, 151 N.J. Super. 251 (App.Div. 1977) the respondent's attorney informed the compensation judge at the hearing that he planned to call as his first witness his medical expert. After the petitioner waived the right to cross-examine the doctor, the compensation judge ruled that respondent was precluded from having the doctor testify and could only present his written reports. He based his ruling on N.J.A.C. 12:235-5.6(a)(10) (repealed in May 1986), a parallel rule to that relied on by the Indelicato court.
We disagreed with the compensation judge's construction of this provision. Judge Allcorn, writing for the court, noted that implicit in the rule is the requirement that the respondent first waive the right to present the oral testimony of its witnesses before the rule becomes operative. Judge Allcorn reasoned that the compensation judge's construction of this rule offends "fundamental fairness and administrative due process." Id. at 253 (citing Cunningham v. Civil Service Dept., 69 N.J. 13, 26 (1975)).
In addition, the leading treatise on workmen's compensation law, Larson, supports the conclusion that the compensation judge in the present case erred as a matter of law. Professor Larson notes that the majority of courts accept medical reports as evidence in the absence of a request that the doctor testify at the formal hearing. While the technical rules of evidence may be relaxed at workmen's compensation proceedings, they may not be relaxed to the point of infringing on *96 the parties' due process rights or other fundamental rights. 3 Larson, The Law of Workmen's Compensation, § 79.25(c) (1983). Indeed, Alaska has taken the position that the right to cross-examine is absolute and cannot be waived by failure to pursue discovery, nor excused by the prohibitive costs of subpoenaing medical witnesses. Id. at 15-426.292. See Commercial Union Companies v. Smallwood, 550 P.2d 1261 (Alaska 1976). Clearly, "[t]he basic right to confront, cross-examine and refute must be respected." Larson, supra, § 79.63 at 15-426.206.
In the instant case American had specifically reserved its right to cross-examine in its answer to the petition, notwithstanding the repeal of the regulation requiring such a request. Despite that, the compensation judge unilaterally determined that he would decide the medical issues solely on the basis of the medical reports which he ordered to be submitted by both parties. While the judge recited a number of reasons for this action, he cited the prohibitive cost of medical experts as the primary one. The high cost of producing medical testimony, although a heavy burden for the injured employee to bear in some instances, simply cannot justify the trammeling of fundamental rights in a contested formal proceeding. It is firmly established in our jurisprudence that parties must be afforded the right to cross-examine witnesses and to produce evidence to address the relevant issues in a contested proceeding.
Moreover, there are alternatives available to reduce the burden on an injured employee, such as the informal hearing provided for in N.J.A.C. 12.235-6.1 et seq. As the compensation judge himself noted, "the only medical evidence presented at informal hearings are written reports of examining and treating physicians." Once a formal proceeding is initiated however, the compensation judge may not infringe upon the parties' fundamental rights in the name of expediency.
We note further that the financial burden of bringing medical experts in to testify need not be borne solely by a successful *97 petitioner. N.J.S.A. 34:15-64 provides the compensation judge with the authority to allocate the medical experts' fees between the petitioner and respondent. Pacifico v. Carpenter Steel Co., 134 N.J.L. 149 (Sup.Ct. 1946) aff'd 135 N.J.L. 204 (E. & A. 1947). Thus, the compensation judge in the present case might have allocated the cost of producing petitioner's medical experts partially or, even totally, to American. Such an allocation would provide a viable solution to the conflict between protecting the parties' fundamental rights to try the issues and providing the injured employee with a forum in which to receive adequate compensation.
Any conflict between the remedial purpose of the Workers' Compensation Act and the rights of parties in a court proceeding must be further resolved by the appropriate legislative body, such as was provided by the creation of a small claims division in the civil courts. As the Supreme Court of Alaska in Commercial Union Companies, supra, 550 P.2d at 1261 noted,
[i]t is apparent that this case illustrates the compelling need for the Alaska Workmen's Compensation Board to promulgate rules which will effectuate the Workmen's Compensation Act's policy of providing inexpensive and expeditious resolution of claims for compensation while affording due process to all concerned parties.
Our holding today is merely a recognition of a fundamental tenet of our Anglo-American system of justice that no court or administrative agency is so knowledgeable that they can make fair findings of fact without providing both sides the opportunity to be heard. Larson, supra, § 79.84 at 15-426.295-96. As previously indicated, this opportunity to be heard includes not only the right to cross-examine the adversary's witnesses but also the right to present witnesses to refute the adversary's evidence. See, id. § 279.63 at 15-426.206; General Chemical Division, supra, 47 Del. at 547, 94 A.2d at 601. Thus, due process in administrative hearings requires that both parties have the right to present oral testimony in critical areas. Larson, supra, § 79.11, 12.
*98 Finally, with respect to Point V wherein American contends that the judge erred in allowing interpreters fees, we find no reason to disturb the decision and affirm it in all respects. Close v. Kordulak Bros., 44 N.J. 589 (1965).
Accordingly, we vacate the award entered below and remand the matter for a further hearing not otherwise inconsistent with this opinion. To that end we leave to the discretion of the compensation judge and Paco the extent to which Paco may rely upon the testimony previously given in this matter. We do not retain jurisdiction.