MELVIN EUGENE HOGAN, PETITIONER–RESPONDENT, v.
GARDEN STATE SAUSAGE CO.,
RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 26, 1988—Decided February 25, 1988.

Before Judges ANTELL and R.S. COHEN.

*Patrick J. McAuley* argued the cause for appellant (*Connell, Foley & Geiser,* attorneys; *George J. Kenny,* of counsel, *Timothy E. Corriston* and *Patrick J. McAuley,* on the brief).

*John E. Ruggieri* argued the cause for respondent (*William J. Ewing,* attorney).

The opinion of the court was delivered by

COHEN, R.S., J.A.D.

Petitioner Melvin Hogan filed a Workers' Compensation claim petition in mid–1984. Respondent employer did not contest the compensability of petitioner's injuries but only their gravity. Almost three years later, on May 11, 1987, petitioner filed a motion for temporary disability payments and medical benefits. Attached to the motion were reports of treating and evaluating physicians. A hearing was promptly held. The Judge of Compensation marked the physicians' reports into evidence, recited the language of *N.J.A.C.* 12:235–5.2(e), and ruled that petitioner had established a prima facie case for continued medical treatment and temporary disability payments. He then called upon the respondent employer for evidence to rebut petitioner's evidence. Counsel offered the report of a physician who had examined petitioner on behalf of respondent. The

report concluded that petitioner had received the maximum benefits of medical treatment, and that his permanent disability was estimated to be 15 percent of partial total. Counsel then requested the right to cross-examine the witnesses whose reports were in evidence on behalf of petitioner. The Judge declined the request and ruled, on the basis of the reports before him, that petitioner was entitled to continued temporary disability and medical benefits. Respondent appealed, arguing that the rules of the Division of Workers' Compensation provide the opportunity for cross-examination and, if they do not, then respondent has been deprived of its due process rights. We reverse.

*N.J.A.C.* 12:235–5.2(e) provides:

Affidavits, certifications and medical reports in support of the motion shall constitute a prima facie case, and unless rebutted by reports or testimony or affidavits or certifications by the respondent or his attorney setting forth the factual or legal basis of the denial, shall be sufficient basis for the issuance of an order compelling the respondent to provide the relief sought.

■ The meaning is plain. It is that documents supporting the motion shall be sufficient basis for an order for temporary disability or medical benefits unless contradicted or opposed on material matters by reports, testimony, affidavits or certifications in opposition to the motion. If so contradicted or opposed, the petitioner's documents are not sufficient basis for an order in petitioner's favor. In such a case, petitioner must produce persuasive live testimony to prevail.

The key to the matter is the word "rebutted" in the quoted regulation. To rebut can mean to disprove or defeat petitioner's case, but it also can mean only to contradict or oppose. *Black's Law Dictionary,* (5th ed.) 1139; *Webster's Third International Dictionary* (Unabridged) 1893. In this regulation it is in the latter sense, *i.e.,* to contradict or oppose, that the word is used. That conclusion follows from the context. If the word "rebut" meant to disprove or defeat, then the regulation would mean that petitioner's papers prevail unless disproved or defeated by respondent's papers. That would require the motion to be decided on a weighing of the papers, however irreconcila-

ble they may be, a result wholly foreign to a system in which disputed material facts must be resolved as a basis for informed decision-making. *See Indelicato v. Town of West New York,* 170 *N.J.Super.* 563 (App.Div.1979).

In our view, a motion for temporary disability or medical benefits accompanied by supporting documentation can prevail without plenary hearing only if opposing documents are facially insufficient to fairly meet, contradict or oppose the material allegations of the documents in support of the motion. The Judge of Compensation may not decide the motion by assigning greater weight to one physician's report or another, but must confine the inquiry at this point to a review of the face of the filed documents. If there are sufficient uncontradicted facts favoring relief, the Judge may order such relief. If there are not, then, unless the respondent waives its right to cross-examination, the Judge must give the petitioner the opportunity to present witnesses for respondent's cross-examination and, if petitioner so elects, for direct examination. If the petitioner presents no witnesses, the motion for benefits must be denied. If witnesses are produced, then the Judge of Compensation will decide the motion after weighing all of the evidence properly produced by the parties.

Reversed and remanded for proceedings consistent herewith.