**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1315-18T1

JOSHUA CAPEL,

     Petitioner-Respondent,

v.

TOWNSHIP OF RANDOLPH,

     Respondent-Appellant.

_____

Submitted September 23, 2019 - Decided October 10, 2019

Before Judges Sumners and Geiger.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2018-19439.

Weiner Law Group LLP, attorneys for appellant (Louis M. Masucci, Jr., on the briefs).

Nusbaum, Stein, Goldstein, Bronstein & Kron, PA, attorneys for respondent (Susan Bielanowski Reed, on the brief).

PER CURIAM

In this workers' compensation case, respondent Township of Randolph appeals from an award of temporary disability and medical benefits to petitioner Joshua Capel, and the denial of its motion for reconsideration and stay of the prior order. We affirm.

I.

Capel was employed by the Township as a laborer in its Department of Public Works. He claims he suffered injuries to his neck, back, and left shoulder that arose out of and in the course of the employment while lifting logs at work on May 21, 2018. Capel filed a claim petition seeking workers' compensation benefits on July 18, 2018.

The Township filed an answer to the claim petition on October 5, 2018, well past the thirty-day time limit for filing an answer. N.J.A.C. 12:235-3.1(b)(2). In its answer, the Township did not deny Capel had injured his shoulder or back, and identified medical providers that rendered treatment to Capel on behalf of the Township. The answer denied Capel suffered any injury to his neck as a result of the May 21, 2018 accident, and demanded Capel prove compensability as to the alleged neck injury.

On October 9, 2018, Capel filed a motion for medical and temporary disability benefits (MMT) supported by the affidavit of his attorney. The

affidavit recited the underlying facts and stated Capel "received appropriate medical treatment including treatment to his left shoulder" by Dr. Sayde, the Township's authorized physician. The affidavit further stated that on August 14, 2018, Dr. Sayde recommended Capel "undergo left shoulder surgery as a direct consequence of his work accident."

Rather than authorizing the surgery, the Township required Capel to "undergo a second opinion." Capel was examined by Dr. Montgomery on September 17, 2018. According to the affidavit, "Dr. Montgomery agreed that [Capel] should undergo left shoulder surgery." The Township refused to authorize the shoulder surgery despite the recommendations of both authorized orthopedic physicians. No treatment was sought for Capel's back or neck.

The affidavit also stated the claims adjuster advised Capel's attorney that the claim was still being investigated "and accordingly she could not or would not authorize surgery."

As to medical proofs in support of the demand for surgical treatment, the affidavit stated:

> Notwithstanding a timely demand for all authorized treating medical reports to be forwarded, I have not received those records and accordingly at this time I am unable to secure a report of the medical providers authorized by the respondent. Nevertheless, it is assumed that the respondent has all authorized

A-1315-18T1

medical records which will fully corroborate the statements made in this affidavit.

The affidavit requested the court order the Township to provide treatment to Capel by a date certain, award appropriate counsel fees, and impose sanctions pursuant to N.J.S.A. 34:15-28.2.

The court scheduled the motion hearing for November 9, 2018. N.J.A.C. 12:235-3.2(d) required the Township to file its opposition to the MMT by October 30, 2018, the date twenty-one days after service of the MMT. The Township's initial opposing papers were not filed until November 8, 2018, the day before the motion hearing. The Township contended Capel sustained his injuries while working at his other job at Samaritan Inn.

The workers' compensation judge denied reconsideration. She noted the initial opposing papers did not include an affidavit or certification of the Township's attorney. "Instead, counsel submitted a two-page letter rampant with uncorroborated, factual speculation and argument predicated on matters outside the personal knowledge of the submitter." The letter acknowledged that Dr. Sayde and Dr. Montgomery recommended Capel undergo left shoulder surgery as a consequence of the accident.

The letter disputed the details of the conversation between Capel's attorney and the claims adjuster. It stated that while employed by the Township,

Capel lived for free at Samaritan Inn, a homeless shelter, in exchange for work. Attached as exhibits were copies of Capel's handwritten time sheets for April 9, 2018 through June 23, 2018 for his work allegedly performed at Samaritan Inn. The workers' compensation judge noted that "[n]othing by way of personal knowledge certification or affidavit was submitted to explain how those materials were obtained, who prepared them and by what manner, or whether they had any basis for potential admissibility in connection with the MMT." The workers' compensation judge also noted the Township had produced no evidence that disputed that the treatment sought is needed.

The Township also submitted "certifications" of the claims adjuster and Scott Wagner, a co-worker in the Township's Department of Public Work's. The certification of the claims adjuster was unsigned. Neither document included the verification required for certifications in lieu of oath, "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment." See R. 1:4-4(b). Also submitted were six unsigned statements by co-workers dated November 5, 2018. The statements lacked the verification required for certifications in lieu of oath. R. 1:4-4(b). On the hearing date, the

5

Township produced signed copies of the statements. Notably, the date of each remained November 5, 2018.

On the hearing date, the workers' compensation judge noted that pursuant to N.J.A.C. 12:235-3.2(f), MMTs "supported by medical reports, affidavits, or certifications, are able to be considered as unopposed, unless the respondent filed" affidavits, certifications, or medical reports to indicate there is a dispute. The court acknowledged that affidavits or certifications were permitted by the rules in workers' compensation proceedings. The court explained that an affidavit must be executed in front of a notary, contain a jurat, and indicate the affiant is swearing to the truth of facts set forth in the affidavit. Affidavits are to be in the first person and based on personal knowledge. Certifications are permitted in lieu of affidavits but must contain the language required by Rule 1:4-4(b). The workers' compensation judge noted the required language is intended to secure personal responsibility for sanctions if a false certification is submitted, citing Sroczynski v. Milck, 197 N.J. 36, 43 (2008).

The workers' compensation judge concluded the opposing papers were not in compliance with the rules despite respondent's counsel having been previously warned, on several occasions, about such deficiencies. She declined

to consider the submissions as opposition, considered the MMT unopposed, and granted the application.

The workers' compensation judge rejected the Township's request under Rule 1:1-2(a) to relax the requirements imposed by Rule 1:4-4(b). She also implicitly rejected the Township's argument that Rule 1:4-4(b) does not apply to workers' compensation cases.

The workers' compensation judge ordered the Township to authorize the shoulder surgery, which was to be scheduled within ten days.

The Township moved for reconsideration or a stay of the order. In her written decision denying the motion, the workers' compensation judge recounted the numerous deficiencies in the opposing papers submitted by the Township. She rejected the Township's argument that certifications are not required to contain the language set forth in Rule 1:4-4(b), as well as its claim that use of the single word "certification" in the caption of the documents "impart[s] the same solemnity or consequences as placing one's signature with a date immediately following the inclusion" of the language required by the rule.

As to the Township's argument that the court was required to relax the rules, the workers' compensation judge noted the Township's opposing papers were submitted late and "this is not the first instance where counsel has

submitted papers that are not compliant, did not provide proper certifications, or argued law or factual matters for which there is no first-hand knowledge or support from any source." Apparently, prior relaxation of the rules did not result in later compliance.

The workers' compensation judge found no basis to vacate her prior order. Regarding the Township's motion to stay execution of the prior order, the court noted no argument was advanced and no affidavits or certifications submitted in support of any of the criteria for granting a preliminary injunction under Crowe v. De Gioia, 90 N.J. 126, 132-34 (1982). The court then engaged in the following analysis.

There is no dispute that Capel complained of a work-related injury to the left shoulder and back. The denial of compensability in the Township's answer was limited to the alleged neck injury. The Township provided medical care to Capel's shoulder. The Township's treating and examining physicians found Capel needed shoulder surgery. No medical report in opposition to the MMT was submitted. The workers' compensation judge concluded the Township sought to delay treatment based upon untimely submissions and speculation that do not comply with the rules. She determined that no basis was shown for

staying the prior order. We denied the Township's application to file an emergent motion. This appeal followed.

The Township raises the following points:

> POINT I: THE DISMISSAL OF THE OBJECTION TO THE MOTION BASED ON PROCEDURAL IRREGULARITIES RESULTS IN UNFAIR TREATMENT OF THE PARTIES.
>
> POINT II: THE [WORKERS' COMPENSATION JUDGE] PREJUDGED THE CASE. [THE TOWNSHIP] WAS NOT GIVEN A FAIR HEARING AND THIS MATTER SHOULD BE REMANDED TO ANOTHER JUDGE FOR HEARING (not raised below).
>
> POINT III: THE [WORKERS' COMPENSATION JUDGE] CANNOT BE IMPARTIAL WHEN RULING ON MATTERS IN WHICH THE WEINER LAW GROUP LLP (sic) (not raised below).

## II.

Our standard of review in a workers' compensation case is whether the trial court's "findings reasonably could have been reached on the basis of sufficient credible evidence in the record, with due regard to the agency's expertise." Brock v. Pub. Serv. Elec. & Gas Co., 149 N.J. 378, 383 (1997). We may not substitute our own factfinding for that of the judge of compensation. Lombardo v. Revlon, Inc., 328 N.J. Super. 484, 488 (App. Div. 2000). Rather, our task is to decide "'whether the findings made could reasonably have been

reached on sufficient credible evidence present in the record,' considering 'the proofs as a whole.'" Close v. Kordulak Bros., 44 N.J. 589, 599 (1965) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). The interpretation of a court rule, however, is a question of law; therefore, our review is de novo. Vanderslice v. Stewart, 220 N.J. 385, 389 (2015).

### III.

### A.

Worker's compensation proceedings are governed by the Workers Compensation Division Rules. N.J.A.C. 12:235-1.1. The rules provide that affidavits, certifications, or medical reports may be submitted in support of, or in opposition to, a MMT. N.J.A.C. 12:235-3.2(f). "Certifications in lieu of oath as provided in the New Jersey Rules of Court may be used for motions and any other supporting documents filed with the [c]ourt." N.J.A.C. 12:235-1.3(b). In turn, Rule 1:4-4(b) governs certifications in lieu of oath. It provides:

> In lieu of the affidavit, oath or verification required by these rules, the affiant may submit the following certification which shall be dated and immediately precede the affiant's signature: "I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment."
>
> [R. 1:4-4(b).]

Here, the certifications submitted in opposition to the MMT were not signed, and did not include the verification required for certifications in lieu of oath, and were not notarized. "Therefore, the certification[s] had no evidentiary value." Pascack Cmty. Bank v. Universal Funding, LLP, 419 N.J. Super. 279, 288 (App. Div. 2011). Accordingly, they could not be considered by the court.

Because the opposing papers consisted of a letter brief that was not based on personal knowledge, unsigned or otherwise defective certifications, and unsworn submissions, all of which was submitted on the eve of the motion hearing, in violation of N.J.A.C. 12:235-3.2(d), the worker's compensation judge properly considered the motion unopposed. Capel's moving papers demonstrated that both authorized physicians determined Capel needed left shoulder surgery. The Township does not argue otherwise. In its answer, the Township only asserted the alleged neck injury was not compensable.

A MMT "accompanied by supporting documentation can prevail without plenary hearing only if opposing documents are facially insufficient to fairly meet, contradict or oppose the material allegations of the documents in support of the motion." Hogan v. Garden State Sausage Co., 223 N.J. Super. 364, 367 (App. Div. 1988). In the absence of any competent evidence in opposition to Capel's claim that the left shoulder injury arose out of and in the course of his

employment by the Township while lifting logs on May 21, 2018, there was no need to conduct a plenary hearing or basis to deny the MMT. We discern no error by the court.

The Township requested the workers' compensation judge to relax the requirements imposed by the rules. The Township argues it substantially complied with the rules. The workers' compensation judge disagreed and declined to relax the rules. We discern no abuse of discretion.

We are mindful that both N.J.A.C. 12:235-1.2 and Rule 1:1-2 permit relaxation of the rules, identically stating the rules "shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Moreover, "[u]nless otherwise stated, any rule may be relaxed or dispensed with" by the court "if adherence to it would result in an injustice." Rule 1:1-2(a); N.J.A.C. 12:235-1.2.

As recognized by the Court in Romagnola v. Gillespie, Inc., however, Rule 1:1-2 "is not meant as a safe harbor for the dilatory; its 'catch-all' nature is not intended to serve as a cure-all." 194 N.J. 596, 606 (2008). Movants seeking relaxation of the rules "bear a heavy burden." Ibid. Relief under Rule 1:1-2 "will be granted only sparingly and only after an appropriate examination and weighing of all relevant factors has occurred." Id. at 606-07.

Our review of the record convinces us that the workers' compensation judge did not abuse her discretion by declining to relax the rules. She properly considered that the motion papers were woefully late, one of the certifications was unsigned, both certifications lacked the required verification language, and the other submissions were deficient. This did not constitute substantial compliance. Moreover, the defects in the certifications, which rendered them of no evidentiary value, were not waivable.

The Township moved to vacate the order granting the MMT. In essence, the motion sought reconsideration. The Division's rule do not expressly provide for reconsideration. In the absence of published case law or Division rules addressing motions for reconsideration, we rely upon the case law interpreting Rule 4:49-2. See Waters v. Island Transp. Corp., 229 N.J. Super. 541, 550 (App. Div. 1989) (noting that while our rules "do not directly control the actions of a compensation judge," "court-fashioned doctrines for the handling of litigation do in fact have some genuine utility and relevance in administrative proceedings" given the "pronounced similarities in the exercise of judicial and quasi-judicial powers" (citations omitted)).

Reconsideration is a matter within the sound discretion of the court. Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). It is not

appropriate merely because a litigant is dissatisfied with a prior ruling or "wishes to reargue a motion." Ibid. Instead, reconsideration should be limited to those cases "in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

The Township submitted six new certifications in support of its motion for reconsideration. All six certifications were signed and contained the following paragraph: "The foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false I am subject to punishment." Noticeably absent from each of the certifications was the required prefatory phrase "I certify." See R. 1:4-4(b). Due to that defect, the six new certifications were not competent evidence. Pascack Cmty. Bank, 419 N.J. Super. at 288.

In addition, motions for reconsideration may not be based on facts that were known or should have been known, or evidence that was available, in time to be submitted in opposition to the original motion. Palombi, 414 N.J. Super. at 289 (citing Del Vecchio v. Hemberger, 388 N.J. Super. 179, 188-89 (App.

14

Div. 2006)). The court did not err by rejecting certifications that could have been submitted in opposition to the MMT.

The workers' compensation judge denied reconsideration. We discern no abuse of discretion.

B.

The Township argues the worker's compensation judge prejudged the case by rejecting the non-compliant certifications and unverified statements. It asserts that the only way the workers' compensation judge could have drawn the conclusion that the seven individuals who signed the certifications "did not know they had an obligation to tell the truth and did not understand there would be punishment for making a false claim," "would be to judge the intent of the witnesses in advance of their testimony." We are unpersuaded by this argument. The noncompliant certifications "had no evidentiary value." Pascack Cmty. Bank, 419 N.J. Super. at 288. Therefore, they could not be considered when deciding the MMT. Rejecting the certifications on that basis did not constitute prejudging the case.

C.

Finally, the Township contends the workers' compensation judge was not impartial in this case because the Township is represented by the Weiner Law

Group LLP.  The Township claims that by stating she has "for[e]warned respondent on numerous occasions," regarding noncompliance with the court rules, the workers' compensation judge "goes out of her way to make Weiner Law Group LLP look like it routinely ignores" the rules.

A judge presiding over a case must be impartial.  Code of Judicial Conduct, Canon 1, R. 1.1 & Canon 3, R. 3.6.  A judge "shall not sit in any matter" . . . "when there is any . . . reason which might preclude a fair and unbiased hearing and judgment, or which might reasonably lead counsel or the parties to believe so."  R. 1:12-1(g).

Rule 1:12-2 permits a party to move to disqualify the judge presiding over the case.  "Motions for disqualification must be made directly to the judge presiding over the case."  State v. McCabe, 201 N.J. 34, 45 (2010) (citing R. 1:12-2; Magill v. Casel, 238 N.J. Super. 57, 63 (App. Div. 1990)); Bonnet v. Stewart, 155 N.J. Super. 326, 330 (App. Div. 1978)).  The Township did not move to recuse the workers' compensation judge.  Accordingly, the issue is waived and not preserved for appeal.[1]  In any event, there is no evidence of

---

[1] See State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006) ("Generally, issues not raised below, even constitutional issues, will not ordinarily be considered on appeal unless they are jurisdictional in nature or substantially implicate public interest.").

partiality or bias in the record. Enforcing the rules and mentioning that counsel had been previously warned regarding prior similar noncompliance does not demonstrate partiality or bias, particularly where prior warnings related to the rejection of the Township's request to relax the rules.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION